## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID LAWRENCE BULLERWELL, ET AL., | § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | Civil Action No.  SA-16-CV-1199-XR |
| VOLKSWAGEN GROUP OF AMERICA, INC., ET AL., | § § § | |
| *Defendants*. | § § § | |

## ORDER

On this date, the Court considered Plaintiffs' Motion for Remand (Docket no. 5), Plaintiffs' Motion for an Expedited Hearing (Docket no. 10), and Defendant Volkswagen Group of America's Motion to Stay (Docket no. 7). After careful consideration, the Court GRANTS the Motion to Remand, and DISMISSES the other pending motions as moot. Accordingly, this case is hereby remanded to the state court.

## BACKGROUND

Plaintiffs David and Carol Bullerwell are Texas residents who brought suit in County Court at Law No. 10, Bexar County, Texas on October 20, 2016 after allegedly purchasing a 2014 Volkswagen Jetta TDI. Docket no. 1-11 at 1, 4. Plaintiffs allegedly purchased this vehicle from Defendant GPI TX-SVII, Inc. d/b/a VW of Alamo Heights, and it was allegedly designed, manufactured, tested, marketed, and distributed by the other two defendants in this case, Volkswagen AG and Volkswagen Group of America, Inc. *Id*. at 4. They alleged that part of their decision to purchase this vehicle was its fuel efficiency and low emissions, which were communicated to them by Defendants' advertisements and representations. *Id*. Plaintiffs allege

that these representations were false, and had they known so, they would not have purchased the vehicle." *Id.* at 8. In particular, Plaintiffs allege that Volkswagen intentionally installed a "defeat device" in their vehicle. *Id.* at 5. This device, they explain, is "sophisticated software . . . whose purpose was to detect when the vehicle was being tested for emissions and turn full emissions control systems on only during that test. At all other times, the emission control systems were not fully engaged." *Id.* Plaintiffs assert causes of action under Texas state law for breach of contract, violations of the Texas DTPA, fraud, and unjust enrichment.

On November 23, Defendant VW America removed the action to this Court, asserting both diversity jurisdiction and federal question jurisdiction. Docket no. 1. VW America asserts that diversity jurisdiction exists, despite the presence of a non-diverse defendant in VW of Alamo Heights, because the non-diverse defendant has been improperly joined. *Id.* at 2–8. VW America asserts that federal question jurisdiction exists because this case necessarily implicates substantial questions of federal law because "Plaintiffs' claims all arise out of, and are based upon, the same allegations that Volkswagen Group of America, Inc. ("VWGoA"), violated the Clean Air Act and the regulations promulgated by the EPA. This federal question gives this court federal question jurisdiction pursuant to 28 U.S.C. §1331 and §1441(a)." Docket no. 8 at 1.

On December 22, Plaintiffs moved to remand, asserting that there is no basis for federal jurisdiction over this case. Docket no. 5. On December 29, Defendant VW America filed a motion to stay, arguing that this Court should stay the action pending consolidation with the multi-district litigation pending in the Northern District of California. Docket no. 7. On January 5, 2017, Plaintiff filed a motion for an expedited hearing on its motion to remand, hoping to

avoid the consequences of an automatic transfer of this case to the MDL forum. Docket no. 10.[1] The Court now turns to these pending motions.

## DISCUSSION

## I.   Plaintiffs' Motion to Remand

Plaintiffs' motion to remand lays out two main arguments. First, Plaintiffs argue that this Court lacks subject matter jurisdiction. Next, they argue that removal is procedurally improper because not all defendants have consented to it. Because the Court finds that it lacks subject matter jurisdiction, it need not reach the issue of consent to removal.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). On a motion to remand, the Court must consider whether removal was proper, which thus requires that a district court have original jurisdiction over the removed action.

### a.   Diversity Jurisdiction

Federal district courts have original jurisdiction over civil actions if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is no dispute regarding the amount in controversy requirement.[2] In addition, the citizenships of the parties are also undisputed—Plaintiffs are citizens of Texas, Defendant VW America is a citizen of New Jersey and Virginia, Defendant Volkswagen AG is a citizen of Germany, and Defendant VW of Alamo Heights is a citizen of Texas. Docket no. 1 at 2–3. Thus,

---

[1] In lieu of granting this motion and setting this case for a hearing on all pending motions, the Court reaches the merits of Plaintiffs' motion to remand in this order. This motion is therefore moot.
[2] Plaintiffs' original petition seeks between $100,000 and $200,000.

there is not complete diversity between the parties because Plaintiffs and Defendant VW of Alamo Heights are citizens of Texas.

Nevertheless, VW America argues that the Court should disregard the citizenship of VW of Alamo Heights for purposes of its diversity of citizenship analysis because Plaintiffs cannot even theoretically recover under state law for their claims against VW of Alamo Heights— "There is no arguably reasonable basis for predicting that state law might impose liability on the resident defendant in this lawsuit, and thus, VW of Alamo Heights was fraudulently joined." Docket no. 1 at 7. There are two ways to establish improper joinder of the type referenced in VW America's notice of removal: (1) actual fraud in the pleading of jurisdictional facts; and (2) the inability of the plaintiff to establish a cause of action against the non-diverse party. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). Actual fraud is not at issue in this case; therefore, the Court must determine whether Plaintiffs can establish a cause of action against the non-diverse defendant, VW of Alamo Heights.

The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal. *McDonal*, 408 F.3d at 183. To meet it, a defendant must show that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). In considering whether the plaintiff may recover, the Court need not determine whether the plaintiff will actually, or even probably, prevail on the merits, but looks only for a possibility that he may do so. *Guillory*, 434 F.3d at 308-09. The Court also evaluates the factual allegations in the light most favorable to the plaintiff and resolves all ambiguities in controlling state law in the plaintiff's favor. *Id.* at 308; *see Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400,

405 (5th Cir. 2004). And we ultimately resolve "any doubt about the propriety of removal . . . in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

VW America argues that Plaintiffs have no reasonable basis to predict that they may recover against VW of Alamo Heights because of an arbitration agreement. In its notice of removal, VW America points out that Plaintiffs' purchase of the vehicle from VW of Alamo Heights is subject to an arbitration agreement permitting either party to elect arbitration for "any claim or dispute in contract, tort, statute, or otherwise . . . that arises out of or relates to your credit application, this Contract, or any resulting transaction or relationship." Docket no. 1 at 3–4. VW of Alamo Heights invoked this agreement and elected to arbitrate Plaintiffs' claims against it. Docket no. 1-15. Thus, VW America argues, the arbitration agreement conclusively forecloses any theoretical possibility of recovery by Plaintiffs against VW of Alamo Heights.

"Courts have uniformly rejected this argument." *Worrix v. Medtronic, Inc.*, CIV. 13-111-ART, 2013 WL 6834719, at *5 (E.D. Ky. Dec. 23, 2013). The most cited case on this issue, *Frank v. Am. Gen. Fin., Inc.*, 23 F. Supp. 2d 1346, 1348–51 (S.D. Ala. 1998), detailed five reasons for concluding that it would be "untenable" to "extend [fraudulent joinder] to situations in which a valid cause of action may exist against the resident defendant but plaintiff is precluded by the arbitration clause from bringing the action in a judicial forum":

> First, the mere existence of an arbitration agreement does not divest a court, state or federal, of jurisdiction.
> . . . .
> Second, the existence of an arbitration agreement between a plaintiff and a defendant does not necessarily mean that all of the plaintiff's claims against that defendant are arbitrable under the agreement.
> . . . .
> Third, "[c]ourts, not arbitrators, ordinarily will decide whether or not a particular dispute is arbitrable."
> . . . .
> Fourth, even if it were established that the arbitration agreement at issue is otherwise valid and enforceable and that the parties have clearly and

> unmistakably agreed to submit the arbitrability question itself to arbitration, the right to arbitrate is a waivable right which the defendant may waive intentionally or even negligently by failing to assert it timely or some other "default in proceeding with such arbitration."
> . . . .
> Fifth, even an order compelling arbitration does not under the FAA divest the court, state or federal, of jurisdiction . . . [T]he court having jurisdiction over the litigation is only expressly authorized to *stay* the action pending such arbitration.[3]

*Frank*, 23 F. Supp. 2d at 1348–51 (emphasis original). These reasons have been cited with approval numerous times, including by at least one district court in this circuit, and they justify the same result in this case. *Cure v. Toyota Motor Corp., Inc.*, 248 F. Supp. 2d 594, 597 (S.D. Miss. 2003) ("This Court is persuaded by the analysis and conclusions set forth in *Frank*"); *Phillips v. First Tower Loan, Inc.*, 2:12CV123-KS-JMR, 2012 WL 5873360, at *6, n.4 (collecting cases for the proposition that "[n]umerous courts have found *Frank* persuasive.") (S.D. Miss. Nov. 20, 2012). In addition, the relatively limited (and contested) record at this point in the case does not meet fraudulent joinder's heavy burden of foreclosing any theoretical possibility of Plaintiffs recovering against VW of Alamo Heights. For these reasons, VW of Alamo Heights was not improperly joined, and its citizenship must be considered, thereby defeating diversity jurisdiction.

### b. Federal Question Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A federal court only has

---

[3] On this fifth reason, the Court notes a potential inconsistency between the logic of *Frank* and the law of this circuit. In a footnote, the court in *Frank* pointed that "[a]lthough some non-binding cases have held that a court may, in some circumstances, dismiss a case rather than order a stay pending arbitration, the justification for ignoring the plain language of 9 U.S.C. § 3 is not clear. *Cf.*, 9 U.S.C. § 3 and *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)." *Frank*, 23 F. Supp. 2d. at 1350 n.3. To the extent that *Frank* implies that Fifth Circuit law requires claims subject to arbitration to be dismissed rather than stayed, this inconsistency does not warrant a contrary result. First, this affects only one of the *Frank* court's five reasons. Second, this Court has stated that *Alford* does not *require* but merely permits dismissal of claims subject to arbitration, leaving the choice between a dismissal and stay to the discretion of the district court. *Stross v. ZipRealty, Inc.*, A-13-CA-419-SS, 2013 WL 12080194, at *7 (W.D. Tex. Sept. 11, 2013) ("The Court declines to dismiss the case in lieu of issuing a stay.").

original or removal jurisdiction if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action. *E.g., Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S. Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983). A case may 'arise under' federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.' *Id*. at 2846. But 'this statement must be read with caution.' *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986)." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002).

This Court recently addressed this exact question in a near identical case. In *Martinez v. Volkswagen Grp. of Am., Inc.*, 16-CV-56-XR, 2016 WL 2894928, at *1 (W.D. Tex. May 18, 2016), a Volkswagen purchaser filed suit based on the same clean diesel and defeat device scandal. The complaint in *Martinez* is nearly identical to the complaint in this case,[4] and sets forth nearly the same causes of action based on the same conduct of similar defendants.[5] The procedural posture of the case was essentially the same—Defendants removed the case to this Court, and the issue was the propriety of a stay versus a remand. This Court held that federal question jurisdiction did not provide an appropriate basis for removal:

> Plaintiff's complaint here raises only state law causes of action. In her state court petition Plaintiff alleged Defendants falsely represented that their vehicles complied with federal regulations. This reference, like the reference in *MSOF Corp. v. Exxon Corp.*, "does not suffice to render the action one arising under federal law."
> . . . .
> This Court is bound . . . by Fifth Circuit precedent. The fact that violation of a federal statute or regulation may be an element of a state tort claim is insufficient

---

[4] The most notable difference between the two complaints is that in *Martinez*, the complaint expressly references the federal Clean Air Act. *Martinez v. Volkswagen Grp. of Am., Inc.*, 5:16-CV-56-XR, Docket no. 1-5 at 5–6. Plaintiffs' complaint here makes no reference to the CAA.

[5] The same two Volkswagen corporate entities are named as defendants in both cases; the only differences in the parties are the identities of the plaintiff purchasers and the defendant car dealerships.

to establish a substantial federal interest. *See Singh v. Duane Morris LLP*, 538
F.3d 334, 338–39 (5th Cir. 2008).

*Id*. at *2, n. 2. The Court lifted a stay that was previously imposed via text order and remanded the case without deciding issues of whether all defendants consented or had waived their right to removal. *Id*. at *2–3.

      *Martinez*, which is virtually identical to the present case, applies with force. Plaintiffs' state law causes of action are not federal ones and do not arise under federal law. Any references that they make to federal law do not establish a substantial federal interest. Other district courts have reached the same conclusion in similar cases. *E.g., Claytor v. Volkswagen Grp. of Am., Inc.*, 189 F. Supp. 3d 602, 2016 WL 3087069 at *2–6 (W.D. Va. 2016). Therefore, there is no federal question jurisdiction over these claims.

      **c.   Costs**

      In their motion to remand, Plaintiffs seek costs and expenses, including attorney's fees, incurred as a result of the removal of this case. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

      Plaintiffs' request for costs and expenses is denied. In *Martinez*, this Court denied a similar request for fees, relying on *LaFoy v. Volkswagen Group of Am., Inc.*, 2016 WL 2733161 (E.D. Mo. May 11, 2016) ("While the Court does not make a determination on whether federal question jurisdiction is appropriate, it cannot be said federal jurisdiction is clearly absent as Defendant is able to make a reasonable argument for jurisdiction on the basis of federal question

8

jurisdiction under 28 U.S.C. § 1331."). *Martinez* may have clarified this Court's view on the federal question issue, but VW America's diversity jurisdiction theory was not presented or addressed in that case. Further, other district courts, though they have not directly found that federal question jurisdiction exists over these types of cases, have taken a different procedural route by staying the case and leaving the remand question to the MDL court. *See, e.g., Hess v. Volkswagen Grp. of Am., Inc.*, 2:16-CV-00668-KOB, 2016 WL 3483166, at *6 (N.D. Ala. June 27, 2016). For these reasons, VW America's notice of removal does not lack an objectively reasonable basis, and Plaintiffs' request for costs is denied.

## II.   Defendant's Motion to Stay

Having found that remand of this case is appropriate, the Court need not decide VW America's motion to stay the case. *See Ruzich v. Volkswagen Grp. of Am., Inc*, CV 16-4753 (JLL), 2016 WL 5858652, at *3 (D.N.J. Oct. 4, 2016) (finding remand appropriate and withholding a decision on defendants' motion to stay).

## CONCLUSION

Plaintiffs' motion to remand (Docket no. 5) is GRANTED. Defendant's motion to stay (Docket no. 7) and Plaintiff's motion for an expedited hearing (Docket no. 10) are DISMISSED as moot. This case is hereby REMANDED to the state court.

It is so ORDERED.

SIGNED this 10th day of January, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE